IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00376-WJM-MJW

ROY ALBERT KAHN,

    Plaintiff,

v.

CHARLES DANIELS, WARDEN,

    Respondent.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

MICHAEL J. WATANABE, United States Magistrate Judge

This matter is before the Court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge William J. Martinez on March 21, 2012. Docket No. 12.

Applicant, Roy Albert Kahn, is a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado. Before the Court for a report and recommendation is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Applicant on February 13, 2012 (hereinafter "the Application"). Docket No. 1. Respondent filed a Response to Order to Show Cause ("Answer"). Docket No. 13. Applicant was given the opportunity to file a Reply. The Court has considered the Application and the Answer as well as applicable Federal Rules of Civil Procedure, statutes, and case law and has taken judicial notice of the Court's file. The Court now being fully informed makes the following findings, conclusions of law, and recommendation. Because the Applicant is proceeding without counsel, the Court has

"construe[d] his pleadings liberally, but [has not] act[ed] as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

## I. Background

Mr. Kahn was sentenced on May 7, 2004, in the United States District Court for the Southern District of Florida to a 110-month term of incarceration for felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Answer, Declaration of Clay C. Cook (Docket No. 13-1), at ¶ 5, and attach.1. Applicant's projected release date from his federal prison sentence via good conduct time credit is September 12, 2012. *Id.*

On August 7, 2011, Mr. Kahn received an incident report for "Use of telephone for abuses other than criminal activity" (Code 297). *Id.*, at ¶ 6, and attach. 2. Specifically, the reporting staff member stated that, on August 7, 2011, while monitoring the Trust Fund Inmate Telephone System ("TRUFONE") system,[1] two phone calls were placed from a cell in the USP Florence Special Housing Unit ("SHU") where Applicant and another inmate were housed. *Id.* The two phone calls were made from an account belonging to an inmate not housed in the SHU (inmate February, Register No. 34911-007). *Id.* The reporting officer listened to the phone call and recognized Mr. Kahn's voice as the caller. *Id.* In response to the reporting staff member's inquiry about which inmate had used the phone, Applicant stated he had used the phone. *Id.*

---

[1]TRUFONE allows an inmate to supplement written correspondence to maintain family and community ties. All calls processed through TRUFONE are recorded. In order to ensure the Trust Fund's financial integrity and for institution security, inmates place all personal telephone calls over TRUFONE and may not circumvent it via call forwarding/automatic electronic forwarding, three-way calling, or any other means. Inmates are responsible for accessing their TRUFONE account using their personal access code. *See* Docket No. 13-1, at ¶ 6 n.3.

2

Records showed that no phone calls were made by Applicant using his personal access code. *Id.* At the time the call was made, the housing unit where inmate February (no. 34911-007) was housed on lockdown status and that inmate had no access to a telephone. *Id.*

On August 8, 2011, Mr. Kahn was notified of a hearing before the Unit Disciplinary Committee ("UDC"), which was held on August 9, 2011. Docket No. 13-1, at ¶7, and attach. 2. The UDC referred the incident report to the Disciplinary Hearing Officer (DHO) for further processing in accordance with Bureau regulations and policy. *Id.* On August 9, 2011, Applicant was provided a copy of the Notice of Discipline Hearing Before the DHO and a written notice of his rights before the DHO. *Id.* at ¶ 8, and attach. 2.

On August 19, 2011, the DHO held a hearing in regard to the incident report. *Id.* Mr. Kahn elected to waive his right to a staff representative and to call witnesses. *Id.* Applicant also declined to present any documentary evidence. *Id.* at ¶ 9, and attach. 2. When the DHO asked Mr. Kahn whether the allegations contained in the incident report were true, he responded: "Who did I call because it isn't in the report." *Id.*

The DHO made written findings and conclusions in a September 21, 2011 written Report. Relying upon the incident report, Applicant's verbal statements, and Applicant's quarters history, the DHO found that Applicant did commit the prohibited act of "Use of telephone for abuses other than criminal activity," (Code 297), as charged. *Id.* at ¶ 10, and attach. 2. The DHO sanctioned Mr. Kahn with 180 days loss of commissary and social phone call privileges, and 20 days disallowance of good conduct time. *Id.* at

¶ 11, and attach. 2. Applicant received a copy of the DHO Report on September 23, 2011. *Id.* He was notified of his appeal rights through the Bureau's Administrative Remedy Program. *Id.*

## II. Application

Mr. Kahn initiated this action by filing pro se his 28 U.S.C. § 2241 Application on February 13, 2012. Docket No. 1. After being ordered to file a preliminary response, Respondent informed the Court that it would not raise the affirmative defense of exhaustion of administrative remedies. Docket No. 9. The case was assigned to District Judge William J. Martinez and to myself on March 19, 2012.

Applicant seeks an order expunging his September 21, 2011 DHO conviction for committing the prohibited act of "Use of telephone for abuses other than criminal activity" (Code 297). He further asks the Court to order Respondent to restore the 20 days of good time credits that he forfeited as a disciplinary sanction.

## III. Legal Standard

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). A § 2241 petition may challenge the deprivation of good-time credits and other prison disciplinary matters that affect the duration of the inmate's sentence. *Id.* "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th

Cir.1996).

## IV. Analysis

Mr. Kahn asserts that the September 21, 2011 DHO conviction violated his constitutional right to due process because the reporting staff member and the DHO failed to disclose the name of the person Mr. Kahn allegedly called, thereby depriving him of adequate notice of the charge and the right to present a defense. *See* Docket No. 2.

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (applying law to federal prisoner) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996) (internal quotation marks and citation omitted). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). Further, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* (citation, quotation omitted).

All three due process requirements were met in this case and there was evidentiary support for the finding of misconduct. Mr. Kahn was given advance written notice of the charge against him when correctional officials provided him with a copy of the incident report on August 8, 2011. Docket No. 13-1, at 12 of 15. He had a hearing on August 19, 2011, in which he was advised of his right to present witnesses and to present documentary evidence. *Id.* at 8 of 15. The hearing officer completed a Disciplinary Hearing Report on September 21, 2011, which was provided to Mr. Kahn on September 23, 2011. *Id.* at 8-11 of 15. In the Report, the DHO pointed to the reporting staff member's statement in the incident report that when he listened to a call made on the TRUFONE monitoring system, he recognized Mr. Kahn's voice as the inmate who made the call. *Id.* at 10 of 15. The staff member further states that the only cell that used the telephone was assigned to Applicant and to one other inmate. *Id.* The DHO emphasized that Mr. Kahn admitted to using the telephone when he was asked by the reporting staff member. *Id.* The DHO further noted that Mr. Kahn was subject to telephone restrictions at the time he placed the call. *Id.* This evidence is sufficient to support a finding of misconduct, notwithstanding Applicant's complaint that he was not provided the name of the person whom he called. Mr. Kahn does not explain how his being informed about the identity of the recipient of the telephone call would have exonerated him. Therefore, Applicant is not entitled to federal habeas relief from this Court to the extent he challenges his September 21, 2011 disciplinary conviction for "Use of the telephone of for abuses other than criminal activity" (Code 297), and the resultant forfeiture of good time credits.

**WHEREFORE**, for the foregoing reasons, the Court respectfully **RECOMMENDS** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1; February 13, 2012) be DENIED and that the case be DISMISSED with prejudice.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir.1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir.1996).

Dated this 14th day of June, 2012, at Denver, Colorado.

BY THE COURT:

MICHAEL J. WATANABE
United States Magistrate Judge